**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Salvatore LaMonica, Esq.
Rachel P. Stoian, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

                                          Chapter 11
KESWICK REAL ESTATE LLC,             Case No.:

           Debtor.
---------------------------------------------------------------x

## DECLARATION OF FREDRICK OLIVIERI PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

Fredrick Olivieri declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I am the Sole Member of Keswick Real Estate LLC (the "Debtor"), which will be voluntarily filing a petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 20, 2016 (the "Filing Date").

2.  I submit this declaration in support of the Debtor's voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, pursuant to Rule 1007-4 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Eastern District of New York (the "Court").

3.  Except as otherwise noted herein, all facts set forth herein are based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtor's operations and financial condition.

4.  The Debtor will continue to remain in possession of its assets, operate its business and manage its affairs as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

5. No trustee, examiner or committee of creditors has been appointed in this case.

6. The Debtor is a small business as defined by § 101(51D) of the Bankruptcy Code.

7. The Debtor is a limited liability corporation formed in New York on January 5, 2000, and operates its business at 444 Fire Island Avenue, Babylon, New York 11702.

8. As of the Filing Date, the Debtor had no employees.

9. The anticipated amount of (a) gross income over the next 30 days will be approximately $13,000.00, (b) expenses over the next 30 days will be approximately $12,943.00, and (c) estimated profit over the next 30 days will be approximately $57.00.

10. Prior to the Filing Date, the Debtor has not filed a petition for relief under the provisions of the Bankruptcy Code. The Debtor intends to propose an arrangement for reorganization pursuant to the provisions of Chapter 11 of the Bankruptcy Code.

11. Annexed to the Debtor's petition is a schedule of the twenty (20) largest unsecured claims of each Debtor's estate.

12. The Debtor's secured creditors include Al Ubert, Cedric Jones, Gail Zangerle, Keith Bulluck, Kip Bodi, Laurie Kennedey, and Robert Conklin (collectively, the "Mortgagees"), the County of Suffolk, and the Village of Babylon. Without prejudice, the Debtor owes: i) the Mortgagees approximately $812,667.91; ii) County of Suffolk approximately $382,223.34; and iii) Village of Babylon approximately $2,295.54 (of which, $420,55 is unsecured).

13. As of the Filing Date, the Debtor's aggregate assets consisted of the following:

    (a) Funds in bank accounts in the aggregate approximate sum of $6,000.00;

    (b) The Debtor is landlord with respect to lease of 444 Fire Island Ave., Babylon, NY 11702 to tenant, Jess/Cole Restaurant Corp. ("Jess/Cole")

The rent currently is approximately $13,000/month;

(c) The Debtor holds title to the following real properties: (i) District 0102 Section 019.00 Block 03.00 Lot 016.001; (ii) District 0102 Section 019.00 Block 03.00 Lot 038.000; and (iii) District 0102 Section 019.00 Block 03.00 Lot 040.000.

(d) The Debtor holds an equitable interest in the following real properties: (i) 444 Fire Island Avenue, Babylon, New York 11702, and designated as District 0102 Section 019.00 Block 03.00 Lot 041.000 ("444 FIA"); and (ii) 430 Fire Island Ave., Babylon, NY 11702, and designated as District 0102 Section 019.00 Block 03.00 Lot 039.000 ("430 FIA"); and

(e) The Debtor has claims against County of Suffolk for avoidance of transfers of 430 FIA and 444 FIA.

14. The Debtor does not have any shares of stock that are publically held.

15. The Debtor does not have any other property that is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee or any other person.

16. All assets, books and records of the Debtor are in the possession of the Debtor, or under the Debtor's control while stored with the Debtor's pre-petition accountant. The Debtor owns no assets that are physically located outside the United States.

17. As of the Filing Date, there are three pending litigations to which the Debtor is a party: (i) Keswick Real Estate LLC v. Kevin J. McCaffrey et al., Index No. 16-01174, pending in the Supreme Court for the County of Suffolk (the "Article 78 Proceeding"); (ii) County of Suffolk v. Keswick Real Estate LLC, et al., Index No. LT-946-14/BA, pending in the District Court for the County of Suffolk (the "430 Eviction Proceeding"); and (iii) County of Suffolk v.

Keswick Real Estate, LLC, et al., Index No. LT-529-16/BA (the "<u>444 Eviction Proceeding</u>").

18.     The Debtor does not have any payroll obligations for the next thirty (30) days.

19.     The Debtor's Chapter 11 filing was precipitated by, among other things, the County of Suffolk's foreclosure by tax deed with respect to 430 FIA and 444 FIA. On or about November 19, 2012, immediately after 430 FIA and 444 FIA sustained significant damage during Superstorm Sandy, and at a time when the Debtor's principal was facing severe personal illness, the County of Suffolk took deed to 430 FIA by tax foreclosure on account of back taxes totaling $7,435.81. Since that time, the Debtor has since sought to redeem title to 430 FIA, most recently through the Article 78 Proceeding. Meanwhile, the 430 Eviction Proceeding seeks to remove the Debtor from 430 FIA. The County of Suffolk took deed to 444 FIA on or about March 30, 2015, and has since commenced the 444 Eviction Proceeding in order to evict the Debtor from 444 FIA. Jess/Cole operate the restaurant Pier 44 on the 444 FIA real property, and utilize the warehouse and parking space located at 430 FIA in the operation of that restaurant. The Debtor's sole source of income is the rent generated by Jess/Cole's lease of those two premises. Accordingly, the Debtor has filed the instant petition in order to stay the County of Suffolk's efforts to take possession of 430 FIA and 444 FIA, and in order to avoid the transfers of title to those properties to the County of Suffolk and return title to the Debtor.

20.     The Debtor commenced the Chapter 11 case to: (a) obtain the benefits of the automatic stay provided under the Bankruptcy Code and avail the company the breathing spell necessary to continue to operate the businesses; (b) address and resolve obligations to the creditors; and (c) attempt the orderly reorganization of the business and/or assets in order to maximize value for the creditors and other parties in interest.

21.     The Debtor believes that with the protections of this Court and the Bankruptcy

Code, the Debtor will be able to restructure its business arrangements and debts, and propose a meaningful and acceptable plan of reorganization, which may include a sale of assets or a structured dismissal of this case in the event that the Debtor is able to achieve a global resolution its creditors.

**WHEREFORE**, your Declarant prays that the Debtor shall be authorized to continue in the operation and management of its business and affairs pending further Order of this Court.

Dated: May 11, 2016

                                            Keswick Real Estate LLC

                                    By:    *s/ Fredrick Olivieri*
                                                   Fredrick Olivieri
                                                   Sole Member of the Debtor

*M:\Documents\Company\Cases\Keswick Real Estate LLC\Petition\1007-4 Declaration.doc*